UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THEODORE WASHINGTON, | No. 05-99009 |
| Petitioner-Appellant, | D.C. No. CV-95-02460-JAT<br>District of Arizona,<br>Phoenix |
| v. | |
| CHARLES L. RYAN, | ORDER |
| Respondent-Appellee. | |

Before: GOULD, CALLAHAN, and N.R. SMITH, Circuit Judges.

The opinion in the above-captioned matter filed on April 17, 2019, and published at 922 F.3d 419, is WITHDRAWN and the appeal is reopened. Appellee Charles L. Ryan's petition for panel rehearing and petition for rehearing *en banc* (DE 266) are DENIED as moot. The parties are requested to file simultaneous briefs addressing the significance of *Shinn v. Kayer*, 592 U.S. ____ (2020) to the above-captioned case within 30 days of the date of this order. The briefs shall not exceed fifteen (15) pages.

The full court has been advised of Appellant Theodore Washington's petition for rehearing *en banc* from our memorandum disposition and no judge has requested a vote on whether to rehear the matter *en banc*. Fed. R. App. P. 35. The memorandum disposition filed April 17, 2019 is amended by replacing the fourth sentence with: "Washington's certified claim for ineffective assistance of counsel

remains under consideration." Appellant Theodore Washington's petition for panel rehearing and petition for rehearing *en banc* (DE 267) are DENIED. The memorandum disposition in the above-captioned matter filed on April 17, 2019, is hereby amended, and filed concurrently with this order.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THEODORE WASHINGTON, <br><br> Petitioner-Appellant, <br><br> v. <br><br> CHARLES L. RYAN, Warden, <br><br> Respondent-Appellee. | No. 05-99009 <br><br> D.C. No. CV-95-02460-JAT <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted September 26, 2018
Pasadena, California

Before: GOULD, CALLAHAN, and N.R. SMITH, Circuit Judges.

Arizona state prisoner Theodore Washington was sentenced to death in 1987

for the first degree murder of Sterleen Hill. Washington appeals the district court's

denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. On appeal,

Washington raises three certified issues and four uncertified issues. Washington's

certified claim for ineffective assistance of counsel remains under consideration.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We address Washington's remaining claims here, and on all these claims we affirm the district court.

1.     Although Washington filed his habeas corpus petition before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, his appeal is subject to the certificate of appealability (COA) requirements of 28 U.S.C. § 2253. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  We construe uncertified issues raised on appeal as a motion to expand the COA.  Ninth Cir. R. 22-1(d), (e); *Mardesich v. Cate*, 668 F.3d 1164, 1169 n.4 (9th Cir. 2012).  We conclude that reasonable jurists could disagree as to the propriety of the district court's resolution of the uncertified issues and therefore expand the COA and address them on the merits.

2.     The trial court's failure to sever Washington's case from Fred Robinson's did not result in prejudice so fundamental as to deny his due process right to a fair trial.  We review denial of a severance motion for abuse of discretion.  *See, e.g. United States v. Cuozzo*, 962 F.2d 945, 949 (9th Cir. 1992).  The primary inquiry in determining whether a failure to sever was prejudicial to the defendant is whether the evidence is easily compartmentalized.  *United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir. 1987).  Here, the evidence of Fred Robinson's prior abductions of Susan Hill was reasonably easy to separate from the evidence pertaining to the murder of Sterleen Hill.  Washington's lawyer established that

2

Washington was not present for the prior abductions, and both the prosecution and defense noted that Washington was not involved with the prior abductions in their closing arguments. Finally, the trial court offered limiting instructions, which the jurors are presumed to have followed. *See Cheney v. Washington*, 614 F.3d 987, 997 (9th Cir. 2010). Washington therefore cannot show prejudice. There was no abuse of discretion in denying severance.

3.     The trial court did not err in applying the statutory cruel, heinous, and depraved aggravating factor under Ariz. Rev. Stat. Ann. § 13-751(F)(6). Because the statute is written in the disjunctive, the trial court only needed to find one of the elements proven beyond a reasonable doubt to apply the aggravator. *See State v. Carlson,* 48 P.3d 1180, 1191 (Ariz. 2002). The trial court's finding that the killing satisfied the cruelty prong, which was affirmed by the Arizona Supreme Court, is amply supported by substantial evidence in the record. Sterleen Hill was forced to listen helplessly as her husband was shot and then wait as the shotgun was reloaded, knowing that she would be next. The trial court's conclusion that the suffering was reasonably foreseeable is also supported by the evidence. Washington had been told before the invasion that the "real purpose of the trip to Yuma was to take out a drug dealer and get his dope and his money." And he was, at a minimum, present while Sterleen Hill was bound and forced to lie on the floor in preparation for the execution-style shootings of her and her husband. The trial

court's application of the cruelty aggravator was not arbitrary and capricious and did not violate Washington's due process rights.

4.      There is sufficient evidence to support Washington's conviction.  When assessing whether sufficient evidence exists to support a conviction, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact" could have made the finding beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Under this standard, the evidence shows that Robinson, Mathers, and Washington discussed going to Yuma on the day of the crimes.  The evidence further shows that Washington was seen in Robinson's car with Mathers and Robinson leaving Banning on the night of the crime wearing a red bandana and a tan trench coat. Moreover, Ralph Hill's description of one of his attackers as a young black man wearing a red bandana with a moustache and long sideburns matched Washington's appearance that night.  Ralph knew Robinson, who is also black, and testified the man he saw was not Robinson.  The jury could reasonably conclude that Washington was one of the culpable intruders.  Also, the shotgun used to shoot the Hills and a tan trench coat containing a slip of paper with Eric Robinson's name on it were found in a nearby field.  A few hours after the murder, Washington called his girlfriend from Yuma, telling her he was stranded.  From all this evidence, a rational trier of fact could have found beyond a reasonable doubt

4

that Washington participated in the crime.

5.      We are also not persuaded that Washington's counsel on direct appeal was constitutionally ineffective for failing to raise a sufficiency of the evidence challenge.  To establish ineffective assistance of counsel, Washington must show that his appellate counsel's performance fell below an objective standard of reasonableness under prevailing professional norms at the time and that the ineffective assistance resulted in prejudice.  *Correll v. Ryan*, 539 F.3d 938, 942 (9th Cir. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  Clarke testified that he made a tactical decision to focus on other issues on appeal and there is nothing to suggest this decision was unreasonable.  Even if Clarke erred by failing to raise the issue on direct review, the evidence adduced at trial was sufficient to support Washington's conviction.  As a result, Washington cannot show a reasonable probability of a different outcome but for Clarke's alleged error; without prejudice, this claim fails.

6.      The trial court did not unconstitutionally apply the "pecuniary gain" aggravator.  The pecuniary gain aggravator applies when "the defendant committed the offense as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value."  Ariz. Rev. Stat. Ann. § 13-751(F)(5).  The expectation of pecuniary gain must have been "a motive, cause, or impetus for the murder and not merely the result of the murder."  *State v. Hyde*, 921 P.2d 655, 683

5

(Ariz. 1996). The evidence shows that Washington was advised that the real purpose of the trip to Yuma was to "knock off a dope dealer" and "take his coke and take the cash." In addition, Washington forced his way into the Hills' home, repeatedly demanded drugs or money from the couple, and searched for and took items of value from the Hills' home. The application of the pecuniary gain factor is supported by evidence in the record and was not "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

7. Washington's death sentence is not constitutionally inadequate under *Enmund v. Florida*, 458 U.S. 782 (1982), and *Tison v. Arizona*, 481 U.S. 137 (1987). For a death sentence to be constitutional under the Eighth Amendment, the state must show that (1) the defendant was a major participant in the felony committed, and (2) the crime was committed with reckless indifference to human life. *See Tison*, 481 U.S. at 158. The evidence supports the trial court's conclusion that Washington was a major participant in the crime. Washington entered the Hills' home and forced them into the master bedroom while demanding drugs and money. Ralph Hill saw Washington riffling through drawers before he was shot. And the gun used to shoot the Hills was recovered near the trench coat Washington was seen wearing that day. The evidence likewise supports the trial court's finding that the crime was committed with reckless disregard for human life. Washington

and his partner entered the Hills' home armed and forced the couple to lie face down while demanding drugs and money. Whether or not Washington pulled the trigger, he was present and failed to render aid to the Hills. *See Dickens v. Ryan*, 740 F.3d 1302, 1316 (9th Cir. 2014). Washington was a major participant in the tragic acts of that day. The Arizona court's determination that Washington was eligible for the death sentence is therefore well supported by the evidence in the record.

8. The district court did not err in denying Washington's motion to expand the record because Washington cannot show cause for his failure to develop the facts in the state PCR proceedings or that failure to admit the evidence resulted in a fundamental miscarriage of justice. *See Keeney v. Tomayao-Reyes*, 504 U.S. 1, 11–12 (1992).

9. In conclusion, on all the claims discussed in this memorandum disposition, we **AFFIRM** the district court and deny relief.